## DELL *v.* McBRIDE.

SLANDER—CHARGE OF PERJURY—EVIDENCE—QUESTION FOR JURY.
Where, in an action for slander based on defendant's statement, "You took my money, and went to Owosso, and swore to a God damn lie, and I can prove it, and, damn you, you are getting ready to swear to a lie again," there was testimony tending to show that the accusation was made shortly after the trial of an action at Owosso in which plaintiff and defendant were witnesses on opposite sides, plaintiff was entitled to go to the jury on the question whether defendant meant that the alleged false swearing occurred in a judicial proceeding.

Error to Shiawassee; Smith, J. Submitted May 15, 1903. (Docket No. 88.) Decided June 30, 1903.

Case by David Dell against James McBride for slander. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*John T. McCurdy,* for appellant.

*Q. A. Smith, O. J. Hood,* and *A. L. Chandler,* for appellee.

HOOKER, C. J. On the trial of this cause at circuit, the court directed a verdict for the defendant, upon the ground that the testimony failed to establish a *prima facie* case. The action was slander. No question arises over the sufficiency of the declaration. The words alleged were proved, and were as follows:

"You took my money, and went to Owosso, and swore to a God damn lie, and I can prove it, and, damn you, you are getting ready to swear to a lie again."

It is said that these words are not actionable *per se*, and that it was not shown that they referred to a judicial proceeding in which the alleged false statement was made.

It is true that the defendant did not state, in so many words, that it occurred in a judicial proceeding, but the proof is sufficient to warrant a finding that he referred to such an occasion. Two witnesses testified that an action was tried at Owosso where these parties were witnesses upon opposite sides, and that, shortly after, this accusation was made. The plaintiff should have been permitted to take the verdict of the jury as to whether the talk referred to this occasion. Defendant's point appears to be that the evidence does not show that defendant was alluding to that incident, but, as stated, we think it was fairly deducible from the proof.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.